# Supreme Court of Florida

---

No. SC2024-0662

---

**IN RE: AMENDMENTS TO FLORIDA RULE OF CIVIL PROCEDURE 1.510 AND NEW FLORIDA RULE OF CIVIL PROCEDURE 1.202.**

May 23, 2024

PER CURIAM.

The Court, on its own motion, amends Florida Rule of Civil Procedure 1.510 (Summary Judgment) and adopts new Florida Rule of Civil Procedure 1.202 (Conferral Prior to Filing Motions).[1]  The changes complement the civil case management amendments that the Court adopts in *In re Amendments to Florida Rules of Civil Procedure*, No. SC2023-0962 (May 23, 2024).

We amend rule 1.510 to tie the deadline to respond to a motion for summary judgment to the date of service of the motion rather than to the hearing date.  The response will be due no later

---

1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(d).

than 60 days after service of the motion for summary judgment. This change to the summary judgment procedure will help ensure adherence to the deadlines set forth in the case management orders required under Florida Rules of Civil Procedure 1.200 (Case Management; Pretrial Procedure) and 1.201 (Complex Litigation), as amended in SC2023-0962.

To further assist case management efforts, we adopt new rule 1.202 to require parties to confer before filing non-dispositive motions. Under the new rule, the movant must file with the motion a statement certifying that the movant has conferred with the opposing party and stating whether the opposing party agrees on the resolution of the motion. A certification that the opposing party was unavailable for a conference before filing the motion should describe all efforts undertaken to accomplish dialogue with the opposing party prior to filing the motion. With a detailed certificate of conferral, the trial judge will be better positioned to address problems between the parties at a hearing. And given constraints on hearing time, parties are expected to confer and attempt to resolve the issues raised in a motion before reserving hearing time.

The Florida Rules of Civil Procedure are amended as set forth in the appendix to this opinion. New language is underscored; deletions are in struck-through type. The amendments shall become effective January 1, 2025, at 12:01 a.m. Because the amendments were not published prior to adoption, interested persons have 75 days from the date of this opinion in which to file comments with the Court.[2]

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Civil Procedure

---

[2]. All comments must be filed with the Court on or before August 6, 2024, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927.

# APPENDIX

## RULE 1.202.    CONFERRAL PRIOR TO FILING MOTIONS

**(a)    Duty.** Before filing a motion, except for a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the movant must confer with the opposing party in a good-faith effort to resolve the issues raised in the motion.

**(b)    Certificate of Conferral.** When conferral is required, the movant must file with the motion a certificate of conferral that must be substantially in the following form:

"I certify that prior to filing this motion, I discussed the relief requested in this motion by [method of communication and date] with the opposing party and [the opposing party (agrees or disagrees) on the resolution of all or part of the motion] OR [the opposing party did not respond (describing with particularity all of the efforts undertaken to accomplish dialogue with the opposing party prior to filing the motion)]."

## RULE 1.510.    SUMMARY JUDGMENT

**(a)**    [No Change]

**(b)    Time to File a Motion.** A party may move for summary judgment at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party. The movant must serve the motion for summary judgment ~~at least 40 days before the time fixed for the hearing~~consistent with the deadlines specified in the case management order.

**(c)    Procedures.**

(1)-(4)     [No Change]

(5) *Timing for Supporting Factual Positions.* At the time of filing a motion for summary judgment, the movant must also serve the movant's supporting factual position as provided in subdivision (1) above. ~~At least 20 days before the time fixed for the hearing~~<u>No later than 60 days after service of the motion for summary judgment</u>, the nonmovant must serve a response that includes the nonmovant's supporting factual position as provided in subdivision (1) above.

**(d)-(h)**     [No Change]